■ In the Matter of Francisco F. Negron, Petitioner, v Benjamin Ward, as Police Commissioner of the City of New York, et al., Respondents.—Determination of the respondent Police Commissioner, dated October 6, 1988, which found petitioner guilty of a departmental charge and specification and ordered forfeiture of 10 vacation days, unanimously confirmed, the petition denied and the proceeding brought pursuant to CPLR article 78 (transferred to this court by order of Sup Ct, NY County [Diane Lebedeff, J.] entered Mar. 23, 1989) dismissed, without costs or disbursements.

On February 25, 1988, petitioner was assigned to guard a prisoner, Nickey McCray, in the psychiatric ward at Bellevue Hospital. During his tour of duty, petitioner was requested to remove handcuffs from the prisoner by an individual later

identified as the supervisor of nursing. Petitioner had earlier been given a direct order by his superior not to remove the prisoner's handcuffs since he was mentally disturbed. He then removed the handcuffs, as a result of which three persons were injured.

Petitioner was charged with violation of Patrol Guide rule 112-3 (at 2, para 12)—prisoner medical attention—which provides that an officer may not remove handcuffs "unless requested by attending physician." It also requires that the officer inform the physician of the circumstances of the arrest and to permit removal of the handcuffs "only if physician still requests." (Patrol Guide rule 112-3, at 2, para 12.) The Hearing Officer found that petitioner failed to act in conformity with the above rule, in that he removed handcuffs from a prisoner at the request of a nursing supervisor, not an attending physician.

Petitioner argues that the finding of guilt was not supported by substantial evidence and that, in any event, the penalty imposed was unduly harsh. As was clearly demonstrated by the evidence adduced at the hearing, petitioner violated the pertinent section of the Patrol Guide. Although the supervisor of nursing may have appeared to be a doctor, he never said he was. Further, petitioner never fully inquired into the nursing supervisor's authority to order removal of the handcuffs. We find the Hearing Officer's determination to be supported by substantial evidence. It was neither arbitrary nor capricious. (*Matter of Pell v Board of Educ.*, 34 NY2d 222, 231 [1974].) Nor do we agree with petitioner that the penalty imposed was unduly harsh. Concur—Sullivan, J. P., Carro, Milonas, Kassal and Smith, JJ.